1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

11  **JANICE MILLER,**                    )
                                          )
12            **Plaintiff,**              )    **Case  No. EDCV 10-197 AJW**
                                          )
13            **v.**                      )    **MEMORANDUM OF DECISION**
                                          )
14  **MICHAEL J. ASTRUE,**                )
    **Commissioner of the Social**        )
15  **Security Administration,**          )
                                          )
16            **Defendant.**              )
    _____)
17

        Plaintiff filed this action seeking reversal of the decision of defendant, the Commissioner of the

18  Social Security Administration (the "Commissioner"), denying plaintiff's application for supplemental

19  security income benefits.  The parties have filed a Joint Stipulation ("JS") setting forth their contentions

20  with respect to each disputed issue.

21
                                    **Administrative Proceedings**

22      The procedural facts are summarized in the Joint Stipulation. [JS 2]. In a May 19, 2008 hearing

23  decision that constitutes the Commissioner's final decision in this matter, an administrative law judge

24  ("ALJ") found that plaintiff was not disabled because she retained the residual functional capacity ("RFC")

25  to perform her past relevant work as a security guard and security monitor. [Administrative Record ("AR")

26  15].

27  ///

28

**Standard of Review**

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Stout v. Comm'r, Social Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)(internal quotation marks omitted). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision. Robbins v. Social Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Comm'r of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir.1999)).

**Discussion**

**Past relevant work**

Plaintiff contends that the ALJ erred in finding that plaintiff can perform her past relevant work because: (1) the demands of those jobs are inconsistent with the ALJ's RFC finding; (2) he did not make sufficient findings as to the physical and mental demands of those jobs; and (3) vocational expert testimony was required.

The ALJ found that plaintiff had asthma that was severe, and that she retained the RFC to perform light work that did not involve exposure to a "heavy concentration of respiratory contamination." [AR 12]. The ALJ found that plaintiff's RFC did not preclude her from performing her past relevant work as a security guard and security monitor as those jobs were actually and generally performed. [AR 14].

A social security disability claimant bears the burden of proving that she cannot perform either the "actual functional demands and job duties of a particular past relevant job" or the "functional demands and job duties of the occupation as generally required by employers throughout the national economy." Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001) (quoting SSR 82-62); see also Burch, 400 F.3d at 679; Villa v. Heckler, 797 F.2d 794, 798 (9th Cir. 1986). "Although the burden of proof lies with the claimant at step

1    four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." Pinto, 249

2    F.3d at 844. "This is done by looking at the residual functional capacity and the physical and mental

3    demands of the claimant's past work." Pinto, 249 F.3d at 844-845 (quoting 20 C.F.R. §§ 404.1520(e) and

4    416.920(e)). "[T]wo sources of information . . . may be used to define a claimant's past relevant work as

5    actually performed: a properly completed vocational report," and "the claimant's own testimony." Pinto,

6    249 F.3d at 845; see SSR 82-61, 1982 WL 31387, at *2, and SSR 82-41, 1982 WL 31389, at *4. Information

7    from the Dictionary of Occupational Titles ("DOT"), or the testimony of a vocational specialist, may be

8    used to ascertain the demands of an occupation as ordinarily required by employers throughout the national

9    economy at steps four and five of the sequential evaluation procedure.  See SSR 00-4p, 2000 WL 1898704,

10   at *2.

11        The ALJ found that plaintiff could perform her past relevant work as actually performed and as

12   defined by the DOT, that is, as generally required by employers throughout the national economy.  Plaintiff

13   did not describe the duties involved in her actual past job as a security guard.  The ALJ, however, relied on

14   the DOT to find that the job was light and semiskilled. [AR 14]. The DOT contains job classification

15   information for two "security guard" jobs.  The DOT job of "security guard," occupational code number

16   372.667-034, is classified as light work and does not involve exposure to "atmospheric cond[itions]" or

17   "toxic caustic chem[icals]."   Nothing in the DOT job definition for that job indicates that it involves

18   exposure to a heavy concentration of respiratory contamination. The same is true of DOT occupational code

19   number 372.667-038, "merchant patroller," a light job that has the alternate title of "security guard."

20        Plaintiff's suggestion that the DOT job of security guard might expose her to a heavy concentration

21   of respiratory contamination because the work setting could be an industrial plant, or because she might

22   have to approach smokers, is speculative and conflicts with information in the DOT, on which the ALJ

23   permissibly relied. Substantial evidence supports the ALJ's finding that plaintiff could perform the DOT

24   job of security guard with the RFC he described.

25        The ALJ also found that plaintiff had past relevant work as a "security monitor," a job she described

26   as "monitor-alam [sic] calls" for a "security company." [AR 95]. Plaintiff wrote in a vocational report that

27   this job entailed monitoring calls for an alarm company, calling the police and fire departments when alarms

28   went off, completing daily logs, and resetting the alarm system. [AR 95].  Her job description indicates that

the job was sedentary because it involved sitting for six hours a day, with walking and standing during the remaining work hours, and involved lifting and carrying less than ten pounds. Nothing in plaintiff's description of her security monitor job indicates that it involved any exposure to respiratory contamination.

The ALJ also referenced the <u>DOT</u> requirements for that job, which he classified as sedentary and unskilled, but he did not supply an occupational code number, and the <u>DOT</u> does not include any job with the title "security monitor." Nonetheless, the court takes judicial notice of <u>DOT</u> occupational code number 379.362-014, "Protective-Signal Operator," a sedentary job that involves receiving and monitoring alarm signals from a subscriber's premises indicating opening and closing of protected premises, unlawful intrusions, fire, and the like; reporting alarms to the police or fire department; preparing reports; and adjusting equipment. The <u>DOT</u> indicates that no exposure to atmospheric conditions or toxic caustic chemicals is involved, and nothing else in the job classification indicates that it involves exposure to respiratory contamination.

Plaintiff's generalized assertion that the ALJ failed to make sufficiently detailed factual findings about the specific physical and mental demands of her past work lacks merit. Based on the <u>DOT</u> and plaintiff's vocational report, the ALJ found that plaintiff's past jobs were either light or sedentary and were semiskilled or unskilled. Plaintiff has not identified any material error, omission, or ambiguity in the ALJ's classification of plaintiff's past work, nor is there any inconsistency between the ALJ's classification of plaintiff's past work and his RFC finding.

Plaintiff also contends that the ALJ erred in failing to obtain vocational expert testimony to clarify the effect of her nonexertional limitation precluding exposure to a heavy concentration of respiratory contaminants. At step four, the ALJ permissibly relied on the <u>DOT</u> and plaintiff's vocational report to support his finding that plaintiff's RFC did not preclude performance of her past jobs. Vocational expert testimony was unnecessary. <u>See</u> SSR 00-4p, 2000 WL 1898704, at *2; SSR 82-61, 1982 WL 31387, at *2.

For the foregoing reasons, the ALJ's finding that plaintiff's RFC does not preclude performance of her past relevant work is supported by substantial evidence and free of legal error.

**Credibility determination**

Plaintiff contends that the ALJ did not properly consider plaintiff's subjective symptoms and did not make a properly supported credibility finding.

4

The ALJ accurately summarized plaintiff's hearing testimony as follows:

> The claimant alleges she is unable to work in any capacity as a result of her asthma. She testified she has symptoms on a daily basis and the weather negatively affects her asthma. She reports when she cannot breathe, she is not able to do anything. [She] also testified she takes her medication three to four times a day and sometimes gets dizzy from it. She indicates she does not go out that often because she gets scare she will have trouble breathing. She reports she easily gets short of breath and she quit her last job because she was breathing hard because it was outdoors, which was exacerbated by the very hot or very cold weather.

[AR 12; see AR 18-27; JS 17].

Once a disability claimant produces evidence of an underlying physical or mental impairment that is reasonably likely to be the source of his or her subjective symptoms, the adjudicator is required to consider all subjective testimony as to the severity of the symptoms. Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc); see also 20 C.F.R. §§ 404.1529(a), 416.929(a) (explaining how pain and other symptoms are evaluated). Although the ALJ may then disregard the subjective testimony he considers not credible, he must provide specific, convincing reasons for doing so. Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001); see also Moisa, 367 F.3d at 885 (stating that in the absence of evidence of malingering, an ALJ may not dismiss the subjective testimony of claimant without providing "clear and convincing reasons"). The ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa, 367 F.3d at 885; see Light v. Social Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997) (enumerating factors that bear on the credibility of subjective complaints); Fair v. Bowen, 885 F.2d 597, 604 n.5 (9th Cir. 1989)(same). If the ALJ's assessment of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to "second-guess" it. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ articulated legally sufficient reasons supporting his credibility finding. First, he noted the paucity of objective medical evidence. [AR 13]. Burch, 400 F.3d at 681 ("Although lack of medical

evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."). Plaintiff's treating source records were "minimal" [AR 13] and indicated that she received only intermittent, as-needed treatment for asthma. The treating source records did not include a medical source statement that she was disabled or had greater limitations than those assessed by the ALJ. [See AR 13, 121-156].

The ALJ also noted the absence of any examining source findings or opinions. In light of the lack of treating source evidence, the Commissioner ordered a consultative examination. [AR 127]. Plaintiff did not attend the examination or respond to a request for an explanation for her failure to appear. [AR 127]. A claimant who applies for or is receiving social security disability benefits may be found not disabled, or her existing benefits may be terminated, absent "a good reason for failing or refusing to take part in a consultative examination or test which we arrange for you to get information we need . . . ." 20 C.F.R. §§ 404.1518(a), 416.918(a). Plaintiff does not argue, and has not shown, that good cause existed for her failure to attend her consultative examination. See Kreidler v. Barnhart, 385 F.Supp.2d 1034, 1037 (C.D. Cal. 2005) (holding that the claimant's failure to attend consultative examinations constituted a failure to cooperate warranting termination of her disability benefits under 20 C.F.R. § 404.1518(a) where the claimant "has not established, or even attempted to argue, she had 'good cause' for missing the scheduled appointments").

The ALJ also permissibly found that plaintiff's ability to live independently, care for her personal needs, see family and friends regularly, and manage her finances belied her allegations of being unable to work in any capacity. Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (per curiam) (holding that the ALJ did not err in concluding that the claimant's ability to cook, do dishes, go to the store, visit relatives, and drive indicated that he could perform light work).

The ALJ's credibility evaluation was supported by substantial evidence and reflects application of the correct legal standard.

///

///

///

6

**Conclusion**

For the reasons described above, the Commissioner's decision is affirmed.

**IT IS SO ORDERED.**

March 8, 2011

_____
ANDREW J. WISTRICH
United States Magistrate Judge